**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 06-57T** |
| | : | |
| **TIANTE GREENE** | : | |

**DEFENDANT'S MOTION FOR VARIANT SENTENCE**

Now comes the defendant, Tiante Greene, by and through counsel, and respectfully requests that this Honorable Court grant a variant sentence in this matter after consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a). A memorandum in support of this request is attached hereto.

Respectfully submitted,
TIANTE GREENE,
By counsel,

JOHN E. MACDONALD, 5368
LAROCHELLE & MACDONALD
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
Telephone: 401.421.1440
Facsimile: 401.421.1442
Date: 3-13-07

**CERTIFICATION**

I hereby certify that on 3-13-07 a true copy of this document was delivered to A.U.S.A. Sandra Beckner, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **CR. NO. 06-57T** |
| | : | |
| **TIANTE GREENE** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR VARIANT SENTENCE**

Now comes the defendant, Tiante Greene, by and through counsel, and respectfully submits the following memorandum in support of his Motion for Variant Sentence.

## FACTS AND TRAVEL

Mr. Greene is charged in a one-count indictment with possession with intent to distribute 11.4 grams of cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B). Mr. Greene was arrested on May 17, 2006 and has remained in custody since this time. On August 30, 2006, Mr. Greene pled guilty to this indictment. There is no plea agreement in this matter. Sentencing is scheduled for March 22, 2006.

## ADVISORY GUIDELINE RANGE

In this matter, the advisory guideline range is 262 to 327 months. This is based on an adjusted base offense level of 32, a career offender enhancement to level 37, a total offense level of 34 and a criminal history category of VI. PSR at ¶ 20-23, 67. As a result

of the §851 Information filed by the United States Attorney, Mr. Greene faces a mandatory minimum of 120 months of incarceration while the maximum term is life. PSR at ¶ 66.[1]

## §3553(A) SENTENCING FACTORS

United States v. Booker, 543 U.S. 220 (2005), requires a sentencing court to consider various sentencing factors set fourth in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary." These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

[1] An §851 Information was filed in this matter because Mr. Greene refused to sign a plea agreement that waived all of his rights, including the right to pursue post-conviction relief of his previous state court convictions. Counsel's attempt to pursue a plea agreement that waived all rights but would allow post conviction relief based upon constitutional defects was declined by AUSA Beckner. See Exhibits 4, 5 and 6.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See United States v. Crosby, 397 F.3d 110, 114-15 (2nd Cir. 2005). This Court may also exercise its discretion based upon the nature of the contraband, cocaine base, and the severity of the projected guideline sentence. See United States v. Pho, 433 F.3d 53 (1st Cir. 2006).

The Pre-Sentence Investigation Report details Mr. Greene's extraordinarily difficult life. See ¶ 55 – 57. Mr. Greene has also submitted a two page letter to the Court detailing his background. See Exhibit 1. Mr. Greene grew up Newport, Rhode Island. His father abandoned him along with his four siblings at an early age. His mother raised the children alone. She never worked but instead collected welfare. Mr. Greene grew up in an environment surrounded by individuals who either did not work, sold drugs or consumed drugs. His mother's personal cocaine addiction forced Mr. Greene and his siblings to go without proper food, clothing or care on a routine basis. He was placed in DCYF custody on numerous occasions as a result of various neglect petitions filed against his mother. It is no surprise that Mr. Greene turned to a life of drug dealing to support himself. Indeed, the facts in this case and Mr. Greene's criminal history is consistent with a low-level, retail drug dealer.

Mr. Greene accounts in great detail why he chose the path of dealing drugs. See Exhibit 1. Lacking an education and employment skills, drug dealing gave him an

identity and means of making money that was otherwise unavailable. However, after serving 42 months between 2001 and 2004, Mr. Greene made a real effort to rehabilitate himself. He successfully completed the Kent House Program on June 11, 2004. See Exhibit 2. He also maintained employment at Applebee's and the Newport Tent Company. See ¶ 11 PSI and Exhibit 1.

In the spring of 2006, Mr. Greene and his girlfriend Tanya Walmsley were expecting their first child. Mr. Greene was determined to provide for his family in ways that his own father never did. Unfortunately, lacking employment and expecting a child in a few months, Mr. Greene turned to drug dealing again to provide for his family. See Exhibit 1. He was arrested in May of 2006 and has been forced to watch his baby son through a plate glass window at the Wyatt Detention Facility. Mr. Greene knows that he will not be there during the formative years of his son's life. Counsel has sat with Mr. Greene on numerous occasions as he has tearfully castigated himself for the foolish decisions he made that led to this criminal action.

## CAREER OFFENDER

Mr. Greene's prior criminal record qualifies him for a sentencing enhancement as a career offender. The filing of the §851 Information increased his career offender levels from 34 to 37. The goal of the career offender classification is to achieve a deterrent effect and to address adequately the concerns regarding recidivism that are reflected in that classification scheme. See United States v. Mishoe, 241 F.3d 214, 220 (2d Cir. 2001). There should, however, be an appropriate relationship between the current sentence and those previously served by Mr. Greene. See id.

> Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior punishments failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses.

241 F.3d 214, 220 (2d Cir. 2001). In this case, Mr. Greene's prior imprisonment has not exceeded 42 months at any one time. Any term of imprisonment significantly greater than this amount will achieve the deterrent effect of the career offender designation. See United States v. Blackmond, 2006 U.S. Dist. LEXIS 39221, 2006 WL 1676288, at 6 (S.D.N.Y 2006).

When considering the advisory Guideline range, this Court may also consider what Mr. Greene's Guideline range would have been without his career offender designation. See id. But for the career offender enhancement, Mr. Greene's advisory Guideline range would have been 151 to 188 months. This is based upon an Adjusted Offense Level of 29 (including a reduction for acceptance of responsibility) and a Criminal History Category of VI.

## SENTENCE RECOMMENDATION

Counsel for Mr. Greene respectfully requests the imposition of a 120 month sentence of incarceration, followed by eight years of supervised release and the $100 mandatory assessment. Imposing the mandatory minimum sentence achieves the necessary requirements of a just punishment and deterrence while allowing for educational and vocational training. A sentence of this length is nearly triple what Mr. Greene has previously served for drug dealing. A 120 month sentence would release Mr.

Greene from prison at the age of 36 and far better equipped with the life skills necessary to provide for his family and contribute to society.

For the foregoing reasons, the defendant, Tiante Greene, respectfully requests that this Honorable Court grant his Motion for Variant Sentence.

Respectfully submitted,
TIANTE GREENE,
By counsel,

JOHN E. MACDONALD, 5368
LAROCHELLE & MACDONALD
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
Telephone: 401.421.1440
Facsimile: 401.421.1442
Date: 3-13-07

**CERTIFICATION**

I hereby certify that on 3-13-07 a true copy of this document was delivered to A.U.S.A. Sandra Beckner, Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.