**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-06-057T** |
| | : | |
| **TIANTE GREENE** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### INTRODUCTION

Defendant Tiante Greene requests that this Court exercise its discretion and sentence the defendant below the Sentencing Guidelines range. Defendant argues that his impoverished upbringing and his career offender status entitle him to a sentence below the 262 to 327 month range found by the United States Probation Department. The government disagrees.

### LAW

In light of United States v. Booker, 125 S.Ct 738 (2005), the guidelines are no longer mandatory in terms of their application by District Courts. However, Booker dictates that District Courts must consult the guidelines and must take them into account when sentencing. See United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Compliance with Booker necessitates that guidelines calculations be prepared by the United States Probation Officer. It also necessitates that the Court perform an analysis, in the appropriate case, as to whether a downward, or upward, departure is warranted.

A. Departures

In terms of a guidelines analysis, pre-Booker case law still applies. Whether the guidelines are mandatory or advisory, such case law interprets and explains the guidelines. Each guideline applies to a heartland of typical cases. See United States v. Carrion-Cruz, 92 F.3d 5, 6 (1st Cir. 1996). A District Court has discretion to depart from the guideline range if the Court finds that there exists an "aggravating or mitigating circumstance of a kind, to a degree, not adequately taken into consideration" by the Sentencing Commission in formulating the guidelines. 18 U.S.C. § 3553(b). However, not every mitigating or aggravating circumstance warrants a departure. United States v. Bogdan, 284 F.3d 324, 327 (1st Cir. 2002), and the guidelines "place essentially no limit on the number of potential factors that may warrant a departure." Burns v. United States, 501 U.S. 129, 136-137 (1991).

The guidelines list several factors which are forbidden and cannot be used as grounds upon which to base a guidelines departure. See United States v. Dethlefs, 123 F.3d 39, 44 (1st Cir. 1997). Other factors are described as "encouraged" or "discouraged." If an encouraged factor is present, the Court may base a guidelines departure decision on that factor if the applicable guideline has not already taken it into consideration. If a discouraged factor is present, or the encouraged factor has already been taken into account by the guideline, the Court may

depart under the guidelines only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present. If the particular factor is not mentioned in the guidelines, the Court must decide whether the factor is sufficient to take the case out of the heartland. A departure based on an unmentioned factor will be "highly infrequent." Koon v. United States, 518 U.S. 81, 96, 116 S.Ct. 2035, 2045 (1996).

B. Variances

After Booker, "[t]hat a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." United States v. Smith, 445 F.3d 1, 5 (1st Cir. 2006). However, ". . . reliance on a discounted or excluded factor may, like the extent of the variance, have some bearing on reasonableness." Id.

In this Circuit, the guidelines are "more than just 'one factor among many,'" they are the "proper starting point for post-Booker sentencing, and . . . the proponent of a variance [has] to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)). In deciding whether to vary from the guideline range, District Courts must consider those factors set forth in 18 U.S.C. § 3553(a), including: the applicable guidelines range; the nature,

seriousness and circumstances of the offense; the history and characteristics of the defendant; protection of the public; deterrence to criminal conduct; the need to promote respect for law and provide for just punishment; the needs of the defendant for educational training, vocational training, medical care and other correctional treatment; the need to avoid unwarranted disparities among similarly situated defendants; and restitution concerns. See Jimenez-Beltre, 440 F.3d at 518-19.

**ARGUMENT**

A. Poverty

Defendant asks this Court for leniency based on his impoverished background and the fact that his mother was a drug abuser. However, "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds in determining whether a departure is warranted." U.S.S.G. § 5H1.12. In U.S.S.G. § 5K2.0(d), "Prohibited Departures," the guidelines provide that "the court may not depart from the applicable guideline range based on . . . 5H1.2 (Lack of Guidance as a Youth and Similar Circumstances)."

B. Criminal History

The defendant asks the court to consider the fact that he never served more than 42 months at any one time for his prior drug convictions. Based upon this fact, the defendant contends the guideline sentence is unnecessarily harsh. However, the

leniency the defendant received in the past does not take this case outside the "heartland" of cases. Furthermore, in response to a similar argument in Jimenez-Beltre[1], 440 F.3d at 519-20, the First Circuit, in affirming the district court's decision to not depart or vary from the guidelines, concluded, "it was enough to adhere to the guidelines sentence that the predicate conviction was for felony drug dealing and carried a sentence of the requisite length."

The defendant also argues that if he were not a career offender, his guideline range would be significantly less. At most the guidelines provide for no more than a one level departure if the Court were to conclude that the defendant's criminal history category was "substantially over-represent[ed]." See U.S.S.G. § 4A1.3. However, that cannot be said in this case since the defendant's criminal history is a VI even without qualifying as a career offender.

Within the last seven years, the defendant has been convicted of narcotics trafficking on three separate occasions. For these three convictions he received a total sentence of imprisonment of 25 years, yet he served only 57 months in prison for his drug dealing. His narcotics convictions are interspersed with numerous other convictions, most of them assaults. In

---

[1] In Jimenez-Beltre, the defendant asked the court to depart on the ground that he did not have an extensive criminal history and that his prior convictions involved a small quantity of drugs.

short, the defendant's criminal history indicates that he is an individual who has made a life out of crime.

The defendant's narcotics trafficking convictions clearly fit within Congress's definition of a predicate offense for the career offender provisions. Moreover, leniency has not worked with the defendant. His case is within the "heartland" of cases contemplated by the guidelines. There is no reason why the defendant should not be sentenced according to the career offender provisions.

C. Variance

The defendant has demonstrated no personal characteristics, no facts about the crime, nor any other grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a). The defendant was selling crack cocaine in ounce and half-ounce quantities - clearly he is at least one level above the street dealer. Moreover, throughout his life the defendant has shown a blatant disregard for the law, and has proven himself time and again to be a threat to society. Nothing seems to deter the defendant.

Although the defendant may have had a difficult life, his family situation and upbringing were no more difficult than that faced by most defendants prosecuted for narcotics violations.

See United States v. Brady, 417 F.3d 326, 333-34 (2d Cir. 2005)[2]. Recognizing how all too common a disadvantaged childhood is, the Second Circuit in Brady proclaimed, "it is the sad fact that so many defendants have unfortunate pasts . . . we cannot apply a disfavored departure to many or most defendants." Id. Similarly, in this case, if the Court finds the defendant's upbringing warrants a variance from the guidelines, the Court will be forced to vary in virtually every case so as to avoid unwarranted disparities.

**CONCLUSION**

For the above reasons, the government submits that defendant's motion for a sentence below the sentencing guidelines should be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel401-709-5000Fax401-709-5001
sandra.beckner@usdoj.gov

[2] In Brady, the Second Circuit discussed the extremity of childhood abuse necessary for a departure as well as the causation requirement between the abuse and criminal activity in the context of a departure pursuant to U.S.S.G. § 5H1.3, Mental and Emotional Conditions.

**CERTIFICATE OF SERVICE**

On March 21, 2007, I caused the within "Government's Sentencing Memorandum" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. John MacDonald
1440 Turks Head Place
Providence, RI 02903

Notification by first class mail, postage prepaid:

United States Probation Office
2 Exchange Terrace - 2nd FL
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj